**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LATHAM & WATKINS LLP<br>555 ELEVENTH STREET, N.W.<br>SUITE 1000<br>WASHINGTON, D.C. 20004,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES<br>200 INDEPENDENCE AVENUE, S.W.<br>WASHINGTON, D.C., 20201,<br><br>      Defendant. | Case No. _____<br><br>Judge: _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Latham & Watkins LLP brings this Complaint for declaratory and injunctive relief, and states as follows in support thereof:

**PRELIMINARY STATEMENT**

1. The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, "was enacted to promote transparency and accountability in how the federal government discharges its numerous and far-ranging responsibilities." *Shapiro v. U.S. Dep't of Justice*, 153 F. Supp. 3d 253, 256 (D.D.C. 2016). FOIA provides a means for the public to access government documents and "mandates that an agency disclose records upon request, unless they fall within one of nine exemptions." *Id.* at 257.

2. Last year, Plaintiff submitted four FOIA requests to the National Institute of Environmental Health Sciences (NIEHS), a division of the Department of Health and Human

Services (HHS), seeking certain records of government communications among environmental policy-makers.

3.      HHS has failed to produce records in response to these requests or provide any substantive response for at least 120 days (excluding weekends and legal public holidays).

4.      By failing to timely provide the requested records, HHS is actively impeding Plaintiff's access to government information and violating FOIA's statutory deadlines.

5.      Administrative remedies under FOIA are deemed exhausted when an agency fails to comply with the statute's applicable time limits.  5 U.S.C. § 552(a)(6)(C)(i).  Having fully exhausted applicable administrative remedies, Plaintiff now turns to this Court to enforce FOIA's guarantee of public access to agency records and to remedy the agency's withholding of that access.  Accordingly, Plaintiff asks this Court to declare that HHS has violated FOIA, to order HHS to provide Plaintiff with legally compliant responses to each of four outstanding record requests, and to grant other appropriate relief, including attorney's fees and costs.

## PARTIES

6.      Plaintiff Latham & Watkins LLP (Latham) is a private law firm with an office located at 555 Eleventh Street N.W., Suite 1000, Washington, D.C. 20004.  Latham submitted the subject FOIA requests on behalf of its client and likewise brings suit on behalf of its client.

7.      Defendant Department of Health and Human Services (HHS) is an agency of the United States Government with various sub-divisions, institutes, and centers, including the National Institute of Environmental Health Sciences (NIEHS).  HHS is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1).  HHS is headquartered at 200 Independence Avenue, S.W., Washington, D.C. 20201.

8. HHS is a federal agency responsible for applying and implementing the federal laws and regulations at issue in this Complaint. HHS is in possession and control of the records that Plaintiff seeks, and therefore it is subject to FOIA pursuant to 5 U.S.C. § 552(f).

## JURISDICTION

9. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201.

10. This Court has the authority to award reasonable costs and attorney's fees under 5 U.S.C. § 552(a)(4)(E). The Court also has jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

11. This Court has personal jurisdiction over HHS pursuant to 5 U.S.C. § 552(a)(4)(B), as it is an agency of the United States Government.

12. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## LEGAL BACKGROUND

13. FOIA "requires the government to disclose, upon request, broad classes of documents identified in 5 U.S.C. § 552(a)," unless the documents are exempted under 5 U.S.C. § 552(b). *Prison Legal News v. Samuels*, 787 F.3d 1142, 1146 (D.C. Cir. 2015).

14. FOIA imposes strict deadlines on federal agencies when they receive a request for records pursuant to FOIA. First, an agency must acknowledge receipt of a FOIA request, in writing, within ten days of receipt of the request, exclusive of weekends and legal public holidays. 5 U.S.C. § 552(a)(6)(A)(ii).

15. An agency must then make a determination with respect to every "perfected" FOIA request within twenty days, exclusive of weekends and legal public holidays. A FOIA request to HHS is considered perfected (*i.e.,* the statutory response time begins to run) when the request (i) has been received by the responsible FOIA office, or not later than 10 days thereafter (exclusive of weekends and legal public holidays); (ii) the requested records are reasonably described; and (iii) the request contains sufficient information to enable the FOIA office to contact the requestor and transmit records. 45 C.F.R. § 5.24(b); 5 U.S.C. § 552(a)(6)(A)(i).

16. The agency's FOIA determination must inform the requestor whether the agency will fulfill the request and the reasons therefor, and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i). The D.C. Circuit has held that the agency must include in its determination "the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 185-86, 188 (D.C. Cir. 2013) ("*CREW*"); *see also Seavey v. Dep't of Justice*, 266 F. Supp. 3d 241, 245 (D.D.C. 2017) (the agency must "(1) gather[] and review[] the [requested] documents; (2) determin[e] and communicat[e] the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (3) inform[] the requester that it can appeal whatever portion of the 'determination' is adverse").

17. An agency may extend this twenty-day period to make a determination only as a result of "unusual circumstances" defined by 5 U.S.C. § 552(a)(6)(B)(iii). HHS's FOIA regulations require that where an agency cannot meet the statutory twenty-day deadline because of "unusual circumstances" the agency must notify the requestor, in writing, of the agency's inability to meet the deadline and provide the date by which the agency estimates processing will

be completed. 45 C.F.R. § 5.24(f). Where the agency's deadline extension exceeds ten working days, HHS must provide the requestor with an opportunity to modify the request or arrange an alternative time period for processing the request, and in addition, inform the requester of "the right to seek dispute resolution services from the Office of Government Information Services." *Id.*

18. The agency must then locate and make the requested records "promptly" available, 5 U.S.C. § 552(a)(3)(A), (a)(6)(C)(i), unless it can establish that it may lawfully withhold records, or portions of records, from disclosure under narrowly defined FOIA exemptions listed in § 552(b).

19. HHS's FOIA regulations provide for a tracked response process that distinguishes requests based on the estimated number of workdays needed to respond. 45 C.F.R. § 5.24(e). The multi-track processing system does not alter FOIA's statutory deadline for an agency to determine whether to comply with the FOIA request. *Id.* § 5.24(f). An agency must make a determination whether to comply with the request, and notify the requester accordingly, within the mandatory deadlines described above.

20. Where an agency fails to make a timely determination with respect to a perfected FOIA request, a requestor has exhausted administrative remedies with respect to the request. 5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186; *Seavey*, 266 F. Supp. 3d at 245.

## FACTUAL BACKGROUND

21. On October 19, 2017 and October 20, 2017, Plaintiff submitted four FOIA requests to HHS's NIEHS division on behalf of a client. NIEHS received each request on October 25, 2017 or October 26, 2017. NIEHS timely acknowledged receipt of each request within ten business days. As further alleged below, none of the acknowledgement letters

indicated the scope of the documents the agency would produce, or included information on planned withholdings or exemptions, for any of the requests

22. Each of the four FOIA requests to HHS were perfected on the day of receipt (October 25, 2017 or October 26, 2017).  45 C.F.R. § 5.24(b); 5 U.S.C. § 552(a)(6)(A)(i).

23. In the twenty days that followed the receipt of Plaintiff's requests, HHS failed to notify Plaintiff that HHS could not meet the twenty-day statutory deadline for a response based on "unusual circumstances."  The agency did not seek an extension nor provide an alternative time period for processing the requests.  45 C.F.R. § 5.24(f); 5 U.S.C. § 552(a)(6)(A)(i).

24. HHS has unlawfully failed to provide Plaintiff with the determinations required by FOIA and HHS's governing regulations for at least 120 days (exclusive of weekends and legal public holidays).  5 U.S.C. § 552(a)(6)(A)(i); *Seavey*, 266 F. Supp. 3d at 245.  As further alleged below, HHS has failed to: (i) gather and review all records requested by Plaintiff, (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents, and (iii) inform Plaintiff that it can appeal portions of the determination that are "adverse."  *Seavey*, 266 F. Supp. 3d at 245; *CREW*, 711 F.3d at 185-86.

25. Because the agency has failed to make determinations as to the four FOIA requests, Plaintiff has exhausted administrative remedies with respect to each of the requests.  5 U.S.C. § 552(a)(6)(C); *CREW*, 711 F.3d at 186; *Seavey*, 266 F. Supp. 3d at 245.

### *First FOIA Request*

26. On October 19, 2017, Plaintiff submitted a FOIA request to HHS's NIEHS division, seeking certain public records of NIEHS employee Nigel Walker.  That request is attached hereto as Exhibit A.

6

27. On November 8, 2017, NIEHS acknowledged by letter that it had received this request on October 25, 2017, and assigned the request control number FOIA Request Case No. 47173. That acknowledgment is attached as Exhibit B.

28. The due date for the substantive FOIA determination was November 24, 2017—121 days ago (excluding weekends and legal public holidays). *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 45 C.F.R. § 5.24(b)(1)(i), (f).

29. As of the date of this Complaint, HHS has failed to provide a determination, produce records responsive to this FOIA request, or provide a timetable for its response.

*Second FOIA Request*

30. On October 20, 2017, Plaintiff submitted a FOIA request to HHS's NIEHS division, seeking certain public records of NIEHS employee John Ray Bucher. That request is attached hereto as Exhibit C.

31. On November 9, 2017, NIEHS acknowledged by letter that it had received this request on October 26, 2017, and assigned the request control number FOIA Request Case No. 47174. That acknowledgment is attached hereto as Exhibit D.

32. The due date for the substantive FOIA determination was November 27, 2017—120 days ago (excluding weekends and legal public holidays). *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 45 C.F.R. § 5.24(b)(1)(i),(f).

33. As of the date of this Complaint, HHS has failed to provide a determination, produce records responsive to this FOIA request, or provide a timetable for its response.

*Third FOIA Request*

34. On October 20, 2017, Plaintiff submitted a FOIA request to HHS's NIEHS division, seeking certain public records of NIEHS employee Michael Waalkes. That request is attached hereto as Exhibit E.

35. On November 9, 2017, NIEHS acknowledged by letter that it had received this request on October 26, 2017, and assigned the request control number FOIA Request Case No. 47175. That acknowledgment is attached hereto as Exhibit F.

36. The due date for the substantive FOIA determination was November 27, 2017—120 days ago (excluding weekends and legal public holidays). *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 45 C.F.R. § 5.24(b)(1)(i),(f).

37. As of the date of this Complaint, HHS has failed to provide a determination, produce records responsive to this FOIA request, or provide a timetable for its response.

*Fourth FOIA Request*

38. On October 20, 2017, Plaintiff submitted a FOIA request to NIEHS, seeking certain public records of NIEHS employee Gloria Jahnke. That request is attached hereto as Exhibit G.

39. On November 9, 2017, NIEHS acknowledged by letter that it had received this request on October 26, 2017, and assigned the request control number FOIA Request Case No. 47176. That acknowledgment is attached hereto as Exhibit H.

40. The due date for the substantive FOIA determination was November 27, 2017—120 days ago (excluding weekends and legal public holidays). *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(B)(i); 45 C.F.R. § 5.24(b)(1)(i),(f).

41.     As of the date of this Complaint, HHS has failed to provide a determination, produce records responsive to this FOIA request, or provide a timetable for its response.

## CLAIMS FOR RELIEF

### CLAIM I
### (Failure to Produce Records)

42.     The foregoing paragraphs are incorporated by reference as if set forth in full herein.

43.     FOIA requires agencies to timely search for and produce all records responsive to a request within unless they are lawfully exempt from production.

44.     Plaintiff submitted thirteen lawful, perfected requests for documents and records to HHS, which the agency received at least 120 days ago (excluding weekends and legal public holidays).

45.     Plaintiff has a statutory right to receive a determination from HHS as to each of the four FOIA requests within the time frames that Congress required through FOIA, and to promptly receive any responsive records.

46.     HHS violated FOIA by failing to make the required determinations in response to Plaintiff's outstanding FOIA requests dated October 19, 2017 and October 20, 2017, and failing to produce records in response to any of these four requests.

47.     Plaintiff is being harmed by reason of HHS's violation of FOIA and its unlawful withholding of records to which Plaintiff is entitled.  Plaintiff will continue to be harmed unless HHS is compelled to comply with the statute and produce the requested records.

## CLAIM II
**(Costs and Fees)**

48. The foregoing paragraphs are incorporated by reference as if set forth in full herein.

49. Pursuant to 5 U.S.C. § 552(a)(4)(E)(i), "[t]he court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed."

50. Plaintiff is statutorily entitled to recover attorney's fees and costs incurred as a result of HHS's failure to make timely determinations with regard to the four FOIA requests at issue in this case. 5 U.S.C. § 552(a)(4)(E)(i); *Baker & Hostetler LLP v. U.S. Dep't of Commerce*, 473 F.3d 312, 324 (D.C. Cir. 2006) (complainant law firm is an organizational litigant statutorily eligible for attorney's fees).

51. Plaintiff asks the court to order HHS to pay reasonable attorney's fees and other litigation costs reasonably incurred in this case.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and for the following relief:

(1) A declaration pursuant to 28 U.S.C. § 2201 that HHS has violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's four FOIA requests submitted to NIEHS dated October 19, 2017 and October 20, 2017.

(2) An order enjoining HHS to:

   a. Respond to Plaintiff's FOIA requests submitted to NIEHS dated October 19, 2017 and October 20, 2017;

b. Release immediately all responsive records to Plaintiff's four FOIA requests.

(3) An order awarding Plaintiff its costs and attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E).

(4) Such other and further relief as the court deems just and proper.


Dated: May 18, 2018                                  Respectfully submitted,

/s/ Andrew D. Prins
Andrew D. Prins (D.C. Bar No. 998490)
Latham & Watkins LLP
555 Eleventh Street N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Fax:  (202) 637-2201

*Counsel for Plaintiff*